UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MORFY GUILLERMO MASIER,

Petitioner,

v. Case No.: 2:26-cv-02294-SPC-KRH

I.C.E. *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are Morfy Guillermo Masier's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Guillermo Masier is a native and citizen of Nicaragua who entered the United States in 2023. The Department of Homeland Security apprehended him, commenced removal proceedings by issuing a notice to appear, and released him on conditions of supervision. Guillermo Masier complied with all the conditions of release, applied for asylum, and obtained work authorization and a driver's license. He has no criminal record. Immigration and Customs Enforcement arrested Guillermo Masier on November 26, 2025, after he was involved in a traffic accident. Guillermo sought habeas relief from this Court in *Guillermo Masier v. Warden of Glades County Detention Center*, M.D. Fla. Case No. 2:26-cv-495-JES-DNF. Judge John E. Steele partially granted the petition and ordered the respondents to either bring Guillermo Masier before

an immigration judge for a bond hearing or release him from custody. On March 26, 2026, Immigration Judge Stuart A. Siegal denied release on bond with this order:

> Respondent has not met his burden in establishing he is a suitable bail risk. see Matter of Guerra.

(Doc. 5-2 at 1).

Guillermo Masier argues his continued detention violates the Due Process Clause of the Fifth Amendment. In response, the government argues a subsection of the Immigration and Nationality Act that strips the Court of jurisdiction to consider this case:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). § 1226(e) does not apply here because Guillermo Masier does not ask the Court to review Judge Siegal's bond decision. Rather, he raises a bona fide due process claim challenging the constitutionality of his current, prolonged detention. The government did not respond to Guillermo Masier's due process claim.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates

the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Guillermo Masier's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Guillermo Masier's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme

Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Guillermo Masier's detention now exceeds eight months and could continue indefinitely—the government provides no information on the removal proceedings and asylum application—raises constitutional concerns. But under the status quo, Guillermo Masier has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Guillermo Masier without presenting a justification. Remember: Judge Siegel put the burden on Guillermo Masier to prove he is not a flight risk and did not state any reason for the conclusion that Guillermo Masier failed to carry that burden. A bond hearing where the government

bears the burden of proof will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Guillermo Masier before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Guillermo Masier receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Morfy Guillermo Masier's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Guillermo Masier for an individualized bond hearing before an

immigration judge or (2) release Guillermo Masier under reasonable conditions of supervision. If the respondents release Guillermo Masier, they must give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on August 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record